Samuel J. St. Romain, State Bar No. 295884
**ST. ROMAIN LAW**
PO Box 41061
Long Beach, California 90803
Telephone: (562) 444-5291
Facsimile: (562) 683-2174
kyle@stromainlaw.com

Plaintiff, *In Pro Per*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL J. ST. ROMAIN,<br><br>    Plaintiff,<br>v.<br><br>CAPITAL ADVANCE SOLUTIONS, LLC; AND GEOFFREY HORN,<br><br>    Defendants. | Case No.: 2:16-cv-8235<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT; AND THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**<br><br>[47 U.S.C. § 227, et seq.; Cal. Civ. Code § 1750, et seq.]<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff, Samuel J. St. Romain ("Plaintiff"), brings this Complaint for damages, injunctive relief and any other available legal or equitable remedies resulting from the unlawful actions of Defendants CAPITAL ADVANCE SOLUTIONS, LLC ("CAS") and GEOFFREY HORN ("Horn") (collectively the "Defendants"), and each of them, in negligently and/or willfully contacting or attempting to contact Plaintiff on Plaintiff's mobile telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq., (the "CCLRA"). Plaintiff alleges the following upon information and belief based upon personal knowledge.

- 1 -
**COMPLAINT FOR DAMAGES**

**NATURE OF THE CASE**

1. The TCPA became law on December 20, 1991, enacted in an effort to protect consumer privacy interests with respect to telecommunications. Among other things, Congress specifically recognized that the use of automated technology in calls to consumers was more intrusive and raised greater privacy concerns than calls using live representatives:

> It is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by "live" persons. These automated calls cannot interact with the customer except in preprogrammed ways, do not allow the caller to feel the frustration of the called party, fill an answering machine tape or a voice recording service, and do not disconnect the line even after the customer hangs up the telephone. For all these reasons, it is legitimate and consistent with the Constitution to impose greater restriction on automated calls than on calls placed by "live" persons.

S. Rep. No 102-178 (Oct. 8, 1991); *see also* Pub. L. No. 102-243, § 2(12) (1991), *codified at* 47 U.S.C. § 227 ("Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.")

2. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; **an automated call to a cell phone adds expense to annoyance**.

*Sopped v. Enhanced Recovery Co., LLC*, 679 D.3d 637, 638 (7th Cir. 2012) (emphasis added).

3. Accordingly, the TCPA prohibits autodialed or artificial/prerecorded voice calls except in very limited circumstances. Specifically, and as is relevant here, the TCPA generally prohibits making any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or

**COMPLAINT FOR DAMAGES**

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

$500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

4. Plaintiff, having by now received numerous, harassing, annoying and invasive autodialed and artificial and/or prerecorded voice calls from Defendants — despite having never consented to receiving these calls and having asked for the calls to stop — files this Complaint against Defendants, and each of them, seeking relief from their illegal calling practices.

## PARTIES

1. Plaintiff is, and at all times mentioned herein was, a natural person and resident of Los Angeles County, California.

2. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1761(c).

3. Defendant, Capital Advance Solutions, LLC ("CAS") is, and at all times herein was, a limited liability company registered and existing under the laws of the State of New Jersey. CAS is a company engaged in the business of providing loans to small and mid-sized businesses and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant, Geoffrey Horn ("Horn"), is an individual and the owner of CAS. Horn is a "person" as defined by 47 U.S.C. § 227, et seq. Plaintiff further alleges, on information and belief, that Horn, in his capacity as owner of CAS, caused the violations committed by CAS, which are alleged in this Complaint.

5. Plaintiff is informed and believes, and thereon alleges, that at all times material to this complaint, the Defendants, and each of them, in addition to acting for himself, herself, or itself and on his, her, or its own behalf individually, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent and permission of, and in conspiracy with, each and all of the Defendants and within the course, scope and authority of that agency, service, employment, representation, and conspiracy. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all of the Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that those actions, failures to act, breaches, conspiracies, and misrepresentations alleged herein and attributed to one or more of the

specific Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the Defendants.

### JURISDICTION AND VENUE

6. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1311. *See Mims v. Arrow Financial Service., LLC*, 132 S. Ct. 740, 747 (2012).

7. Venue is proper in this judicial district pursuant to 18 U.S.C § 1391(b), 18 U.S.C. § 1441(a) and Cal. Civ. Code § 1780(c), because Defendants do business within the State of California and Plaintiff resides within this district.

### FACTUAL ALLEGATIONS

8. Defendant CAS is a private lender that promotes financing opportunities to consumers by way of aggressive and unlawful telemarketing campaigns.

9. Beginning in or around July 2016, Defendants contacted Plaintiff on Plaintiff's cellular telephone number ending in -5117, in an attempt to solicit Plaintiff Defendants' services.

10. Plaintiff's mobile telephone number is, and at all time relevant to this Complaint was, registered with the Federal Do Not Call List.

11. Defendants placed calls or caused calls to be placed to Plaintiff's mobile telephone number from telephone numbers (317) 593-0090, (646) 517-6788, (608) 490-8494 and (412) 595-0077.

12. Plaintiff is informed, and believes, and thereon alleges that Defendants placed additional calls to Plaintiff from different telephone numbers. Plaintiff will amend this Complaint to include any such additional telephone numbers when such numbers become known to Plaintiff.

13. Plaintiff is further informed and believes, and thereon alleges, that Defendants, and each of them, engage in a practice of "spoofing" the telephone numbers displayed on outbound calls so that different numbers show up on caller ID in order to trick unsuspecting consumers to answer unknown calls. This practice frustrates any self-help remedy a consumer may undertake to block an individual number.

14. When Plaintiff answered Defendants' calls, Defendants utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C § 227(b)(1)(A). Further, the pre-recorded voice did

not inform Plaintiff of the name of the organization being represented. Plaintiff is informed and believes that Defendants engage in a willful and organized practice of deflecting questions regarding the true identity of the organization that these unsolicited calls are placed on behalf of in order to make it difficult for consumers to exercise their legal rights in connection with these unsolicited calls.

15. When these numbers, and each of them, are called back there is an option to be placed on a do not call list; however, selecting the option to be placed on the do not call list does not effect that result. Instead, upon information and belief, when Plaintiff opted to be placed on the do not call list, that election only confirmed with Defendants that the number dialed is a live number resulting in additional calls being placed with more frequency. This conduct constitutes violations of 47 CFR 64.1601(e)(1), which requires that the telephone number provided by a telemarketer must permit any individual to make a do-not-call request during regular business hours insofar as this option to make a request is illusory and does not actually stop further calls.

16. At no time did Plaintiff consent to being contacted by Defendants.

17. Plaintiff is not a customer of Defendants, and has never provided any personal information, including his mobile telephone number, to the Defendants, and each of them, for any purpose whatsoever; nor has Plaintiff purchased or used any goods or services offered by the Defendants, at any time prior to the filing of this Complaint. As such, Plaintiff does not have an established business relationship with Defendants, or any of them.

18. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(B), and do not fall within any other exception provided under the TCPA.

## FIRST CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227

(Against All Defendants)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

1  20. As is relevant here, the TCPA prohibits Defendants from making telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

21. "Automatic telephone dialing system" ("ATDS") refers to any "equipment which has the capacity … (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC, charged with adopting ruled implementing the TCPA, has clarified that an ATDS including predictive dialers and any other equipment that has "the *capacity* to dial numbers without human intervention." *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F/3d 1036, 1043 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361 (May 13, 2013) (quoting *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 FCC Rcd 14014, 14092, para. 132 (2003))(emphasis in original).

22. Defendants caused equipment having the capacity to dial numbers without human intervention to be used to make telephone calls to the cellular telephone of Plaintiff.

23. Defendants also used an artificial and/or prerecorded voice in calls to the cellular telephone of Plaintiff.

24. Defendants have, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA.

25. As a result of Defendants' conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each and every violation, and a maximum of treble that amount if the Court determines that Defendant's violation of the TCPA was willful or knowing. *See* 47 U.S.C. § 312(f)(1).

26. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff is entitled to and hereby seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff prays for the following relief:

(a) An award of damages;

(b) An injunction prohibiting Defendants from calling Plaintiff's cell phone using an auto-dialer and/or artificial or prerecorded voice; and

(c) Such other and further relief the Court deems reasonable and just.

## SECOND CAUSE OF ACTION

**Violations of CCLRA, Cal. Civ. Code § 1750, et seq.**

(Against All Defendants)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Cal. Civ. Code § 1770(a) provides that,

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> \*\*\*
>
> (22)(A) Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the CCLRA, including but not limited to the provisions of Cal. Civ. Code § 1770(a)(22).

30. Pursuant to Cal. Civ. Code § 1782(a), the Defendants were notified of the above-described acts via certified mail, return receipt requested on July 19, 2016; CMRR Article Nos. 7015 0640 0005 2024 3188 and 7015 0640 0005 2024 3171.

31. As a result of Defendants' conduct as described herein, Plaintiff is entitled to statutory damages for each violation, attorney's fees and cost, pursuant to Cal. Civ. Code § 1780 et seq, and as permitted by 47 U.S.C. § 227(c)(5).

32. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future. Cal. Civ. Code § 1780(a)(2).

WHEREFORE, Plaintiff prays for the following relief:

(d) An award of damages;

(e) Attorney's fees and costs;

(f) An injunction prohibiting Defendants from calling Plaintiff's cell phone using an auto-dialer and/or artificial or prerecorded voice; and

(g) Such other and further relief the Court deems reasonable and just.

**DEMAND FOR JURY TRIAL**

33. Plaintiff requests a trial by jury of all claims that can so be tried.

Dated: November 4, 2016    Respectfully Submitted,

By: */s/ Samuel J. St. Romain*
Samuel J. St. Romain, Esq.
kyle@stromainlaw.com
PO Box 41061
Long Beach, California 90803
Telephone: (562) 444-5291
Facsimile: (562) 683-2174