Samuel J. St. Romain, State Bar No. 295884
**ST. ROMAIN LAW**
PO Box 41061
Long Beach, California 90803
Telephone: (562) 444-5291
Facsimile: (562) 683-2174
kyle@stromainlaw.com

Plaintiff, *In Pro Per*

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL J. ST. ROMAIN,<br><br>Plaintiff,<br>v.<br><br>CAPITAL ADVANCE SOLUTIONS, LLC; AND GEOFFREY HORN,<br><br>Defendants. | Case No.: 2:16-cv-08235-FMO-KS<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS CAPITAL ADVANCE SOLUTIONS, LLC AND GEOFFREY HORN; DECLARATION AND EXHIBITS IN SUPPORT**<br><br>Judge: Hon. Fernando M. Olguin<br>Hearing Date: January 26, 2017<br>Time: 10:00 a.m.<br>Place: Courtroom 6D, 6th Floor<br>350 W. 1st Street<br>Los Angeles, CA 90012 |

**TO THE COURT AND TO DEFENDANTS:**

PLEASE TAKE NOTICE that on January 26, 2017, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Hon. Fernando M. Olguin, United States District Judge, located at Courtroom 6D, on the 6th Floor of the United States District Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Plaintiff, Samuel J. St. Romain ("Plaintiff"), will and hereby does move the Court for entry of default judgment against Defendants Capital Advance Solutions, LLC and Geoffrey Horn (collectively "Defendants") for statutory damages for violations of the Telephone Consumer Protection Act in the sum total of TWELVE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($12,500.00), costs, and post-judgment interest calculated pursuant

to 28 U.S.C. § 1961(a).

By this Notice of Motion and Motion for Default Judgment, the Memorandum of Points and Authorities attached thereto, and the Declaration of Samuel J. St. Romain, and exhibits attached thereto, Plaintiff requests that a default judgment be entered based on the following points:

1. Defendants are not infants or incompetent persons or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

2. Defendants, and each of them, have not appeared in this action.

3. This Notice of Motion and Motion for Default Judgment, along with all supporting papers is being served on Defendants on December 21, 2016, by placing true and correct copies thereof in sealed envelopes addressed to Defendants at the same address where service of process was completed.

4. Plaintiff elects statutory damages under the Telephone Consumer Protection Act, and is not seeking judgment on the state law claims (California Consumers Legal Protection Act).

5. Plaintiff is entitled to judgment against Defendants based on violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

6. The principal amount of the judgment sought against Defendants is statutory damages in the amount of 12,500.00 for Defendants' liability to Plaintiff. Plaintiff further seeks interest on the judgment calculated pursuant to 28 U.S.C. § 1961(a).

7. This motion is based on this Notice of Motion, Motion for Entry of Judgment and accompanying Memorandum of Points and Authorities, the Declaration of Samuel J. St. Romain and exhibits attached thereto, the exhibits and evidence to be presented at the hearing hereon, the pleadings, records and papers on file herein and upon such other matters and evidence as may be presented at or before the hearing.

Dated: December 22, 2016 Respectfully Submitted,

By: ***/s/ Samuel J. St. Romain***
Samuel J. St. Romain, Esq.
Plaintiff, in Pro Per

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

On November 4, 2016, Plaintiff filed his Complaint against Defendants alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). (Compl., Dkt. No. 1.) Thereafter, on November 10, 2016, Defendants were properly served with the Summons and Complaint. (Dkt. Nos. 11, 12.)

The responsive pleading of Defendant, Capital Advance Solutions, LLC ("CAS"), was due on December 1, 2016. The responsive pleading of Defendant, Geoffrey Horn ("Horn"), was due 10 days after December 1, 2016. Defendants failed to answer or otherwise defend this action as directed by the Summons and as required by the Federal Rules of Civil Procedure and California Code of Civil Procedure. (*Declaration of Samuel J. St. Romain* ("*St. Romain Decl.*"), ¶ 3.) Accordingly, on December 2, 2016, and pursuant to Fed. R. Civ. P. 55(a), Plaintiff requested that the Clerk enter a Default against CAS. (*St. Romain Decl.*, ¶ 4; Dkt. No. 13.) On December 6, 2016, the Clerk entered a Default against CAS. (*St. Romain Decl.*, ¶ 4; Dkt. No. 17.)

On December 15, 2016, and pursuant to Fed. R. Civ. P. 55(a), Plaintiff requested that the Clerk enter a default against Horn. (*St. Romain Decl.*, ¶ 5; Dkt. No. 20.) On December 16, 2016, the Clerk entered a Default against Horn. (*St. Romain Decl.*, ¶ 5; Dkt. No. 21.)

To date, no paper or other pleading has been filed by or on behalf of CAS or Horn. (*St. Romain Decl.*, ¶ 6.)

## II. LEGAL ARGUMENT

### A. Default Judgment Is Properly Entered Against Defendants.

In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit outlined the following factors to determine whether to grant default judgment:

(1) The substantive merits of plaintiff's complaint'

(2) The complaint's sufficiency;

(3) The amount of money at stake;

(4) The possibility of prejudice to plaintiff if relief is denied;

(5) The possibility of dispute as to any material facts;

(6) Whether default resulted from excusable neglect; and

(7) The policy of the Federal Rules favoring decision on the merits.

(*Id.* at 1470-72.)

Each element weighs in favor of granting Plaintiff's motion for default judgment.

**i. Plaintiff's Complaint Sufficiently Charges Defendants With Violations of the Telephone Consumer Protection Act.**

"The Ninth Circuit has suggested that the first two *Eitel* factors -- involving the substantive merits of plaintiff's claim and the sufficiency of the complaint -- require that plaintiffs' allegations "state a claim on which the [plaintiff] may recover." (*Kloepping v. Fireman's Fund* (N.D.Cal. Feb. 13, 1996, NO. C 94-2684 TEH) 1996 U.S.Dist.LEXIS 1786, at *5 [citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)].) Upon a defendant's default, the factual allegations of the complaint, other than those relating to the amount of damages sustained, are deemed admitted. (Fed. R. Civ. P. 8(d); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Nishimatsu Construction Co. Ltd v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).)

On November 4, 2016, Plaintiff filed a two-count Complaint against CAS and Horn for violations of the TCPA and the California Consumers Legal Remedy Act, Cal Civ. Code 1750, et seq. (the "CCLRA"). (See, Compl., Dkt. No. 1.) By this instant motion, Plaintiff only seeks entry of default judgment based on Defendants' violations of the TCPA, which provides, in pertinent part, that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is with in the United States—
>
> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> ***
>
> **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

(47 U.S.C. § 227(b)(1).)

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

Here, Plaintiff has alleged that the 5117 Number was a cellular telephone within the meaning of 47 U.S.C. 277(b)(1)(A)(iii) and that incoming calls to the 5117 Number were received without his consent. (Compl., Dkt. No. 1 at ¶¶ 16, 22-24; see also *St. Romain Decl.*, ¶¶ 7, 11.) Plaintiff further alleged that he was not a customer of Defendants, does not have an established business relationship with Defendants, and that the calls were not for an emergency purpose. (Compl., Dkt. No. 1 at ¶¶ 16-18; see also *St. Romain Decl.*, ¶ 11.]

Moreover, Plaintiff alleged that all telephone contact by Defendants and/or affiliates, subsidiaries or agents of Defendants occurred via an "automated telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(b)(1)(A) because "Defendants caused equipment having the capacity to dial numbers without human intervention to be used to make telephone calls to the cellular telephone of Plaintiff" (Compl., Dkt. No. 1, ¶¶ 20) and "Defendants also used an artificial and/or prerecorded voice in calls to the cellular telephone of Plaintiff." (Compl., Dkt. No. 1, ¶ 24; see also *St. Romain Decl.* ¶ 9.)

As to Defendant Horn, Plaintiff has sufficiently pleaded that he is the owner of CAS and caused, knew of or participated in the violations committed by CAS. (Compl., Dkt. No. 1, ¶ 4.) Under the TCPA, "the act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as that of the person." (47 U.S.C. § 217.) Therefore, Horn, as owner of CAS, is joint and severally liable to Plaintiff for the Unwanted Phone Calls in violations of the TCPA.

Plaintiff has therefore sufficiently pleaded the requisite elements for a TCPA violation, and those allegations are now deemed admitted in light of Defendants' Default. (*Robbins v. Coca-Cola-Co.*, Case No. 13-CV-132-IEG NLS, 2013 WL 2252646 (S.D. Cal., May 22, 2013) ("Thus, to plead a TCPA claim, Plaintiffs need only allege two elements: (1) a call to a cellular telephone; (2) via an ATDS.") For all these reasons, the second and third *Eitel* factors weigh in favor of entry of default judgment against both Defendants, and Plaintiff requests the entry of Default Judgment against Horn and CAS.

//

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

ii. **All of the Other *Eitel* Factors Have Been Met**.

1. Amount at Stake: Under the third *Eitel* factor, the Court must consider the amount of money at stake. (*Eitel, supra*, 178 F.2d at 1471-72.) In the Complaint, Plaintiff prays for injunctive relief and statutory damages of $500 for each TCPA violation, which may be trebled if Defendants' acts are found to be willful. (Compl., Dkt. No. 1, ¶¶ 25, 26; 47 U.S.C. 227(b)(3)(c).) By this motion, Plaintiff seeks TWELVE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($12,500.00) in statutory damages, as provided for under the TCPA, interest on the judgment, and taxable costs. The sum of money at stake is particularly appropriate for resolution on default judgment, because TCPA damages are fixed by statute. (*Accord Heidorn v. BDD Mktg. & Mgmt. Co.*, LLC, No. C-13-00229 JCS, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629, at *9 (N.D. Cal. Aug. 19, 2013), *report and recommendation adopted sub nom. Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, No. 13-CV-00229-YGR, 2013 U.S. Dist. LEXIS 177159, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013) (finding that the availability of statutory damages under the TCPA "weighs in favor of entry of default judgment" under the fourth *Eitel* factor).

2. Possibility of Prejudice: The fourth *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. (*Eitel, supra*, 782 F.2d 1471-72.) In light of the fact that Defendants declined to answer or appear in response to Plaintiff's Complaint, and that default was entered, thereby admitting the averments of the Complaint, Plaintiff will likely suffer prejudice if default judgment is not entered, because Plaintiff would effectively be without further options of recourse against Defendants.

3. Possibility of Dispute: The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to any material facts in the case. Upon entry of default, all well-pleaded facts in the complaint are taken as true except those relating to damages. (See, *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987); Fed. R. Civ. P. 8(d).) Here, Plaintiff filed a well-pleaded complaint alleging the facts necessary to establish all of his claims and a request for Entry of Default as against CAS on or about December 2, 2016 and a request for Entry of Default as against Horn on or about December 15, 2015. The Court Clerk entered CAS' Default on or about December 6, 2016 and entered Horn's Default on or about December 16, 2016. As Plaintiff's factual

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

allegations are presumed true, no genuine dispute exists as to any material facts. Further, Plaintiff has produced copies of the relevant telephone records as Exhibit "A" to his declaration in support of this Motion for Default Judgment that corroborate the allegations set forth in the Complaint as well as the sworn statements in the declaration as to the telephone numbers used and the dates and times the Unwanted Phone Calls were received. Plaintiff has therefore provided enough information in his pleadings and declaration to make a *prima facie* case even with respect to claims that could be contested.

4. <u>Probability of Excusable Neglect</u>: The sixth *Eitel* factor, the Court considers the possibility that Defendants' defaults resulted from excusable neglect. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present its objections before final judgment is rendered. (*Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950).) Plaintiff notified Defendants by mail, on or about December 5, 2016 and December 15, 2016 that default was being sought against them by mailing copies of the request for entry of default to the last known address where service of process was effected. (See, Dkt. Nos. 13 and 20.) Defendants' voluntary decision to allow default to be entered contradicts any argument for excusable neglect as their efforts to circumvent and prolong this lawsuit are wholly intentional.

The facts of this case as dissimilar from *Eitel*, where that defendant's failure to answer constituted excusable neglect as the defendant believed the litigation was over due to a final settlement agreement that subsequently dissolved. The defendant in *Eitel* soon thereafter filed an answer and counterclaim, even though it was beyond the 20-day period. (*Eitel, supra*, 782 F.2d at 1472.) The Defendants in the present case have failed to act despite all opportunity to do so, with full knowledge that a lawsuit was filed against them, and entry of default judgment is appropriate at this time.

5. <u>Policy for Deciding on the Merits:</u> The seventh *Eitel* factor takes into account the preference of the Federal Rules for deciding cases on the merits. (*Eitel, supra*, 728 F.2d at 1472.) However, "this preference, standing alone, is not dispositive." (*Kloepping, supra*, 1996 U.S. Dist. LEXIS 1786, at *10.) While the Federal Rules favor decisions on the merits, they also allow for the termination of cases before the court can reach the merits…. [t]hus, the preference to decide cases

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

on the merits does not preclude a court from granting "default judgment." (*Id.*) Under Fed. R. Civ. P. 55(a), default judgments are allowed. Here, Defendants failed to answer Plaintiff's Complaint or otherwise appear in the action. Further, the Clerk allowed Defendants' defaults to be entered. Allowing Defendants, who failed to defend this action, to proceed to trial would greatly prejudice Plaintiff. Judgment against Defendants is proper at this time.

**B. Plaintiff Has Met The Procedural Requirements For Entry of A Default Judgment.**

Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following entry of default by the court clerk under Rule 55(a). (*Kloepping*, *supra,* 1996 U.S. Dist. LEXIS 1786 at * 3-4.) Applications for default judgment generally require the moving party state: (1) when and against which party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. All of these requirements have been met.

Plaintiff has complied with Fed. R. Civ. P. 54(c) and 55(a). In the pending action, Plaintiff served Defendants on or about November 10, 2016, and the clerk entered the Default on the Complaint as to CAS on or about December 6, 2016 and entered the Default on the Complaint as to Horn on or about December 16, 2016. (*St. Romain Decl.*, ¶¶ 4, 5; Dkt. Nos. 17, 21.) Further, Defendants are not infants, incompetent persons, in the military, or otherwise exempt under the Soldiers' and Sailors' Civil Relief Act of 1940. (*St. Romain Decl*., ¶ 14.) Plaintiff does not request relief that differs from or exceeds that prayed for in the Complaint, and a notice of this motion has been served on each defaulting parties at the address the summons was served, as evidenced by the proof of service attached hereto.

**C. Plaintiff is Entitled to Statutory Damages of $12,500 Based on Defendants' Violations of the TCPA.**

With regard to damages awardable for a violation of the statute, the TCPA provides:

> A person or entity may, if otherwise permitted by laws or rules of court of a State, bring in an appropriate court of that state …
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater….
> (C) If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

(47 U.S.C. § 227(b)(3)(B) - (C).)

Here, Plaintiff alleged that Defendants' TCPA violations have been willful because the calls continued unabated not only after Plaintiff selected the menu option to be placed on the do not call list, but remarkably even after speaking with a representative and informing them that legal recourse would be sought if the calls did not cease. (Compl., Dkt. No. 1, ¶ 15; *St. Romain Decl.*, ¶ 11.) Those allegations, in light of the Clerk's default, are now deemed admitted.

Plaintiff requests an award of statutory damages in the amount of $500 for the first Unwanted Phone Call placed by Defendants to Plaintiff's 5117 Number together with an award for willful statutory damages in the amount of $12,000 for the remaining eight (8) calls received (each times $1,500), because those violations were obviously willful in light of Plaintiff's repeated efforts to have them stop, and having informed Defendant that these calls were illegal under the TCPA. (See, *St. Romain Decl*., ¶ 11.) This type of award is proper. Defendants engage in a course of conduct and utilize unlawful telemarketing practices to further their own financial gain. There can be no question that Defendants knew and/or willfully continued to call Plaintiff's 5117 Number in violation of the TCPA.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court enter default judgment against Defendants, jointly and severally, in the amount of $12,500, plus costs, together with post-judgment interest until said judgment is satisfied.

Dated: December 22, 2016

/s/*Samuel J. St. Romain*
Samuel J. St. Romain, Plaintiff in Pro Per

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

**DECLARATION OF SAMUEL J. ST. ROMAIN IN SUPPORT OF REQUEST FOR ENTRY OF MOTION FOR DEFAULT JUDGMENT**

I, Samuel J. St. Romain, declare as follows:

1. I am over the age of 18 years, am a resident of Los Angeles County, California, and make this declaration based upon personal knowledge.

2. I am Plaintiff in this action, and am an attorney duly admitted to practice before all courts of the States of California and Texas, and the United States District Courts for the Central, Southern and Eastern Districts of California and Western District of Texas. If called as a witness, I could and would competently testify to the facts stated herein.

3. Defendants failed to answer or otherwise defend this action as directed by the Summons and as required by the Federal Rules of Civil Procedure and California Code of Civil Procedure.

4. On December 2, 2016, and pursuant to Fed. R. Civ. P. 55(a), Plaintiff requested that the Clerk enter a Default against Defendant Capital Advance Solutions, LLC ("CAS"). On December 6, 2016, the Clerk entered a Default against CAS.

5. On December 15, 2016, and pursuant to Fed. R. Civ. P. 55(a), Plaintiff requested that the Clerk enter a default against Defendant Geoffrey Horn ("Horn"). On December 16, 2016, the Clerk entered a Default against Horn.

6. To date, no paper or other pleading has been filed by or on behalf of CAS or Horn

7. I own, and at all material times relevant to this action have owned, the cellular telephone number ending in 5117.

8. During the month of July 2016, Defendants, using various incoming caller identifications, placed auto-dialed phone ("robo") calls to the 5117 number, i.e., to my cell phone, as reflected on the relevant pages of my corresponding monthly phone records. A true and correct copy the relevant pages of my corresponding monthly phone records are attached as Exhibit "A" hereto (collectively, the "Unwanted Phone Calls"). To date, I have received nine (9) Unwanted Phone Calls, which are highlighted in the pages attached Exhibit "A."

9. I was not able to answer all of the Unwanted Phone Calls, and several Unwanted Phone Calls I missed do not show up on my phone bill records attached as Exhibit "A." I did, however, keep records of these missed Unwanted Phone Calls, and missed four (4) phone calls in addition to those highlighted in Exhibit "A" as set forth below:

a. July 11, 2016 at approximately 11:24 am, I missed a telephone call from (608) 490-8494;

b. July 13, 2016 at approximately 10:10 am, and again at approximately 2:34 pm, I missed a telephone call from (412) 595-0007; and

c. July 14, 2016 at approximately 9:46 am, I missed a telephone call from (608) 490-8494.

Because I have answered phone calls from the above-listed telephone numbers on other occasions, I know them to have been placed by, on behalf of, for, or at the request of Defendants. In some instances I called the numbers back when I saw I had a missed call, and was given the option to be placed on a Do Not Call List; however, selecting this option did not yield the expected result and the calls continued.

10. When I answered the Unwanted Phone Calls highlighted in Exhibit "A," I heard a pre-recorded, computerized voice offering to sell me small business loan, and presenting various prompts and/or menu options. Only after selecting a menu option did an actual person come on the line who then – after asking various preliminary questions – transferred me to another person, who was discovered to be a representative of CAS Based on the foregoing, it is obvious to me that the calls were made by or on behalf of CAS were "robo calls" initiated by means of an automated dialing system.

11. When I received the first Unwanted Phone Call, I selected the menu option to be placed on the Do Not Call List; however, this option only increased the frequency in which I received further Unwanted Phone Calls. I further attempted to "block" the number from which I was receiving the Unwanted Phone Calls, but the calls kept coming because CAS would call from different numbers to circumvent the block. On at least two occasions, I demanded from a live operator that the calls stop, but my demands were totally ignored. In fact, I even spoke with a

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

manager/supervisor of CAS and specifically requested that my number be blocked, informing him that these Unwanted Phone Calls violate federal law and that I would enforce my legal rights if the calls continued. The CAS representative assured me that the calls would stop; however, I continued to receive Unwanted Phone Calls.

12. I do not know how CAS obtained my cell phone number. I never provided it to CAS. I have never consented to be contacted by CAS via cell phone or otherwise. I have never done business with CAS. To the best of my recollection, I have never had any contact with CAS prior to the Unwanted Phone Calls, and the Unwanted Phone Calls were not for an emergency purpose as CAS was soliciting to me their small business loan services — which was clearly not an emergency.

13. Upon information and belief, Defendant Geoffrey Horn is the owner of CAS, and willfully and knowingly participated in and/or caused the unlawful marketing activities of CAS.

14. Defendants are not infants, incompetent persons, in the military, or otherwise exempt under the Soldiers' and Sailors' Civil Relief Act of 1940.

15. I incur a monthly expense for my cellular telephone service.

16. I have also incurred the following taxable costs as part of this lawsuit, in the amount of $580.27, as detailed below:

a. Initial Filing Fee: $400.00

b. Service of Process: $150.00

c. Postage Costs: $30.07

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of December 2016 in Covington, Louisiana.

By: ***/s/ Samuel J. St. Romain***
Samuel J. St. Romain, Esq.
Plaintiff, in Pro Per

# EXHIBIT A

at&t

SAMUEL ST. ROMAIN
[redacted]

**Page:** A-1 of 8
**Bill Cycle Date:** 07/04/16 - 08/03/16
**Account:** [redacted]550
**Foundation Account:** FAN 02403847

Visit us online at: **www.att.com**

[redacted]-5117
SAMUEL ST. ROMAIN

## Call Detail

| Time | Place Called | Number Called | Rate Code | Feature Code | Min | Airtime Charges | LD/Addl Charges |
|---|---|---|---|---|---|---|---|
| Saturday, 07/02 | | | | | | | |
| 06:37p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 06:48p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 07:07p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| Sunday, 07/03 | | | | | | | |
| 11:50a | INCOMI CL | 985-705-0232 | SDDV | | 2 | 0.00 | 0.00 |
| 01:18p | INCOMI CL | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| 01:19p | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 01:46p | INCOMI CL | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| Monday, 07/04 | | | | | | | |
| 10:08a | INCOMI CL | 209-489-0977 | SDDV | | 2 | 0.00 | 0.00 |
| 11:57a | INCOMI CL | 817-944-9840 | SDDV | | 5 | 0.00 | 0.00 |
| 12:53p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 12:54p | INCOMI CL | 817-944-9840 | SDDV | | 5 | 0.00 | 0.00 |
| 12:59p | MERCED CA | 209-489-0977 | SDDV | | 1 | 0.00 | 0.00 |
| 01:00p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 01:15p | INCOMI CL | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| 02:52p | INCOMI CL | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| 04:39p | MANDEV LA | 985-373-0486 | SDDV | | 1 | 0.00 | 0.00 |
| Tuesday, 07/05 | | | | | | | |
| 09:33a | INCOMI CL | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 09:35a | INCOMI CL | 562-444-5291 | SDDV | | 3 | 0.00 | 0.00 |
| 10:36a | MANDEV LA | 985-705-0232 | SDDV | | 10 | 0.00 | 0.00 |
| 01:17p | INCOMI CL | 412-595-0077 | SDDV | | 1 | 0.00 | 0.00 |
| 02:35p | NEWORL LA | 504-837-0852 | SDDV | | 1 | 0.00 | 0.00 |
| 02:57p | INCOMI CL | 817-944-9840 | SDDV | | 5 | 0.00 | 0.00 |
| Wednesday, 07/06 | | | | | | | |
| 09:39a | INCOMI CL | 562-444-5291 | SDDV | | 2 | 0.00 | 0.00 |
| 12:45p | BRONX NY | 347-708-4364 | SDDV | | 2 | 0.00 | 0.00 |
| 12:53p | INCOMI CL | 973-929-3290 | SDDV | | 1 | 0.00 | 0.00 |
| 01:08p | BRONX NY | 347-708-4494 | SDDV | | 2 | 0.00 | 0.00 |
| 01:10p | BRONX NY | 347-708-4504 | SDDV | | 2 | 0.00 | 0.00 |
| 01:12p | LOSANG CA | 323-796-3266 | SDDV | | 2 | 0.00 | 0.00 |
| 02:44p | BRONX NY | 347-708-4969 | SDDV | | 2 | 0.00 | 0.00 |
| 02:46p | BRONX NY | 347-708-4984 | SDDV | | 2 | 0.00 | 0.00 |
| 02:54p | LOSANG CA | 323-795-6481 | SDDV | | 21 | 0.00 | 0.00 |
| 03:20p | NEWORL LA | 504-837-0852 | SDDV | | 16 | 0.00 | 0.00 |
| 05:44p | INCOMI CL | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| Thursday, 07/07 | | | | | | | |
| 10:10a | INCOMI CL | 985-705-0232 | SDDV | | 2 | 0.00 | 0.00 |
| 12:50p | INCOMI CL | 562-444-5291 | SDDV | | 3 | 0.00 | 0.00 |
| 01:37p | INCOMI CL | 817-944-9840 | SDDV | | 5 | 0.00 | 0.00 |
| 03:47p | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 03:56p | INCOMI CL | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 04:39p | BRONX NY | 347-708-4969 | SDDV | | 2 | 0.00 | 0.00 |
| 04:41p | BRONX NY | 347-708-4984 | SDDV | | 2 | 0.00 | 0.00 |
| 05:10p | INCOMI CL | 562-444-5291 | SDDV | | 6 | 0.00 | 0.00 |
| 05:55p | LOSANG CA | 323-796-3266 | SDDV | | 5 | 0.00 | 0.00 |
| 06:00p | INCOMI CL | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 06:30p | INCOMI CL | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| Friday, 07/08 | | | | | | | |
| 09:22a | AUSTIN TX | 512-342-8222 | SDDV | | 5 | 0.00 | 0.00 |
| 09:27a | BRONX NY | 347-708-4364 | SDDV | | 4 | 0.00 | 0.00 |
| 01:42p | LOSANG CA | 323-795-6951 | SDDV | | 1 | 0.00 | 0.00 |
| 02:27p | INCOMI CL | 562-444-5291 | SDDV | | 15 | 0.00 | 0.00 |
| 03:31p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 04:17p | INCOMI CL | 985-705-0232 | SDDV | | 2 | 0.00 | 0.00 |
| 04:32p | LOSANG CA | 323-813-4878 | SDDV | | 1 | 0.00 | 0.00 |
| 04:36p | LOSANG CA | 323-795-6951 | SDDV | | 1 | 0.00 | 0.00 |
| 05:03p | INCOMI CL | 985-869-6636 | SDDV | | 1 | 0.00 | 0.00 |
| 07:05p | INCOMI CL | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 07:41p | GLENDA TX | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| Saturday, 07/09 | | | | | | | |
| 12:40p | INCOMI CL | 209-489-0977 | SDDV | | 3 | 0.00 | 0.00 |
| 01:45p | INCOMI CL | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 02:15p | INCOMI CL | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 02:22p | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 02:37p | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| Sunday, 07/10 | | | | | | | |
| 03:12p | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 04:08p | INCOMI CL | 209-489-0977 | SDDV | | 2 | 0.00 | 0.00 |
| 04:10p | ALAMIT CA | 562-596-4607 | SDDV | | 1 | 0.00 | 0.00 |
| 04:51p | MERCED CA | 209-489-0977 | SDDV | | 1 | 0.00 | 0.00 |
| Monday, 07/11 | | | | | | | |
| 09:21a | Toll F CL | 877-684-3771 | SDDV | | 16 | 0.00 | 0.00 |
| 09:42a | Toll F CL | 877-684-3771 | SDDV | | 190 | 0.00 | 0.00 |
| 01:37p | LAREDO TX | 956-516-3884 | SDDV | | 1 | 0.00 | 0.00 |
| 01:38p | EVANSV WI | 608-490-8494 | SDDV | | 1 | 0.00 | 0.00 |
| 01:38p | LOSANG CA | 323-796-3816 | SDDV | | 3 | 0.00 | 0.00 |
| 02:43p | SANTA CA | 714-734-2106 | SDDV | | 4 | 0.00 | 0.00 |
| 04:12p | SLIDEL LA | 985-259-0637 | SDDV | | 1 | 0.00 | 0.00 |
| 04:33p | LOSANG CA | 323-795-6951 | SDDV | | 2 | 0.00 | 0.00 |
| 04:35p | LOSANG CA | 323-813-4878 | SDDV | | 1 | 0.00 | 0.00 |
| 07:11p | INCOMI CL | 985-259-0637 | SDDV | | 8 | 0.00 | 0.00 |
| Tuesday, 07/12 | | | | | | | |
| 01:15p | SAN PE CA | 310-427-5754 | SDDV | | 4 | 0.00 | 0.00 |
| 02:17p | SAN PE CA | 310-427-5754 | SDDV | | 3 | 0.00 | 0.00 |
| 03:00p | SAN PE CA | 310-427-5754 | SDDV | | 1 | 0.00 | 0.00 |
| 03:03p | INCOMI CL | 310-427-5754 | SDDV | | 2 | 0.00 | 0.00 |
| 03:08p | SAN PE CA | 310-427-5754 | SDDV | | 1 | 0.00 | 0.00 |
| 03:20p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 03:36p | INCOMI CL | 817-944-9840 | SDDV | | 10 | 0.00 | 0.00 |
| 04:00p | ORLAND FL | 407-575-6470 | SDDV | | 2 | 0.00 | 0.00 |
| 04:01p | ORLAND FL | 407-575-6470 | SDDV | | 1 | 0.00 | 0.00 |
| 05:54p | INCOMI CL | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 06:54p | INCOMI CL | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| 07:43p | INCOMI CL | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| 08:13p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 08:14p | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 09:06p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 09:06p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 09:07p | GLENDA TX | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| 09:21p | SLIDEL LA | 985-259-0637 | SDDV | | 1 | 0.00 | 0.00 |
| 09:22p | SLIDEL LA | 985-259-0637 | SDDV | | 2 | 0.00 | 0.00 |

SAMUEL ST. ROMAIN
[redacted]

**Page:** A-2 of 8
**Bill Cycle Date:** 07/04/16 - 08/03/16
**Account:** [redacted]7550
**Foundation Account:** FAN 02403847

Visit us online at: **www.att.com**

[redacted]5117
SAMUEL ST. ROMAIN

**Call Detail** - Continued

| Time | Place Called | Number Called | Rate Code | Feature Code | Min | Airtime Charges | LD/Addl Charges |
|---|---|---|---|---|---|---|---|
| Wednesday, 07/13 | | | | | | | |
| 11:32a | INCOMI CL | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 12:56p | INCOMI CL | 562-444-5291 | SDDV | | 5 | 0.00 | 0.00 |
| 02:30p | INCOMI CL | 512-810-2322 | SDDV | | 13 | 0.00 | 0.00 |
| 03:42p | MANDEV LA | 985-869-6636 | SDDV | | 1 | 0.00 | 0.00 |
| 03:47p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 04:44p | INCOMI CL | 985-259-0637 | SDDV | | 1 | 0.00 | 0.00 |
| 05:28p | INCOMI CL | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 06:15p | INCOMI CL | 985-869-6636 | SDDV | | 34 | 0.00 | 0.00 |
| Thursday, 07/14 | | | | | | | |
| 09:00a | LONG B CA | 562-760-4826 | SDDV | | 1 | 0.00 | 0.00 |
| 11:34a | GLENDA TX | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| 12:54p | INCOMI CL | 817-688-7845 | SDDV | | 3 | 0.00 | 0.00 |
| 02:35p | INCOMI CL | 985-259-0637 | SDDV | | 1 | 0.00 | 0.00 |
| 04:27p | GLENDA TX | 817-944-9840 | SDDV | | 3 | 0.00 | 0.00 |
| 05:11p | MANDEV LA | 985-373-0486 | SDDV | | 1 | 0.00 | 0.00 |
| 05:11p | INCOMI CL | 985-373-0486 | SDDV | | 13 | 0.00 | 0.00 |
| 05:35p | GLENDA TX | 817-944-9840 | SDDV | | 3 | 0.00 | 0.00 |
| 05:39p | MERCED CA | 209-489-0977 | SDDV | | 2 | 0.00 | 0.00 |
| 06:02p | INCOMI CL | 501-680-9590 | SDDV | | 4 | 0.00 | 0.00 |
| 06:16p | GLENDA TX | 817-944-9840 | SDDV | | 3 | 0.00 | 0.00 |
| 08:08p | INCOMI CL | 828-318-7788 | SDDV | | 6 | 0.00 | 0.00 |
| Friday, 07/15 | | | | | | | |
| 10:57a | INCOMI CL | 608-490-8494 | SDDV | | 1 | 0.00 | 0.00 |
| 12:57p | INCOMI CL | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 01:31p | INCOMI CL | 562-444-5291 | SDDV | | 2 | 0.00 | 0.00 |
| 01:59p | INCOMI CL | 562-444-5291 | SDDV | | 3 | 0.00 | 0.00 |
| 02:07p | INCOMI CL | 562-444-5291 | SDDV | | 2 | 0.00 | 0.00 |
| 03:09p | BRONX NY | 347-708-5851 | SDDV | | 2 | 0.00 | 0.00 |
| 03:11p | INCOMI CL | 817-344-8581 | SDDV | | 1 | 0.00 | 0.00 |
| 03:13p | BRONX NY | 347-708-5856 | SDDV | | 2 | 0.00 | 0.00 |
| 04:59p | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 05:01p | NEWORL LA | 504-837-0852 | SDDV | | 11 | 0.00 | 0.00 |
| 06:33p | INCOMI CL | 817-944-9840 | SDDV | | 3 | 0.00 | 0.00 |
| 06:35p | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| Saturday, 07/16 | | | | | | | |
| 09:14a | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 06:19p | MANDEV LA | 985-705-0232 | SDDV | | 2 | 0.00 | 0.00 |
| Monday, 07/18 | | | | | | | |
| 02:44p | INCOMI CL | 646-517-6788 | SDDV | | 1 | 0.00 | 0.00 |
| 03:01p | INCOMI CL | 817-900-9324 | SDDV | | 1 | 0.00 | 0.00 |
| 03:04p | FORT W TX | 817-900-9324 | SDDV | | 1 | 0.00 | 0.00 |
| 03:19p | ASHEVI NC | 828-318-7788 | SDDV | | 13 | 0.00 | 0.00 |
| 03:47p | INCOMI CL | 828-318-7788 | SDDV | | 3 | 0.00 | 0.00 |
| 06:26p | INCOMI CL | 985-259-0637 | SDDV | | 17 | 0.00 | 0.00 |
| 06:52p | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |

| Time | Place Called | Number Called | Rate Code | Feature Code | Min | Airtime Charges | LD/Addl Charges |
|---|---|---|---|---|---|---|---|
| Tuesday, 07/19 | | | | | | | |
| 07:43a | INCOMI CL | 317-593-0090 | SDDV | | 19 | 0.00 | 0.00 |
| 08:02a | LOSANG CA | 323-795-5424 | SDDV | | 17 | 0.00 | 0.00 |
| 08:22a | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 09:20a | EVANSV WI | 608-490-8494 | SDDV | | 1 | 0.00 | 0.00 |
| 09:20a | BETHEL PA | 412-595-0077 | SDDV | | 1 | 0.00 | 0.00 |
| 09:21a | NEW YO NY | 646-517-6788 | SDDV | | 1 | 0.00 | 0.00 |
| 09:42a | INCOMI CL | 562-444-5291 | SDDV | | 4 | 0.00 | 0.00 |
| 10:56a | INCOMI CL | 562-444-5291 | SDDV | | 4 | 0.00 | 0.00 |
| 11:00a | LOSANG CA | 323-795-6481 | SDDV | | 1 | 0.00 | 0.00 |
| 11:00a | LOSANG CA | 323-795-6481 | SDDV | | 16 | 0.00 | 0.00 |
| 11:40a | LOSANG CA | 323-795-6951 | SDDV | | 2 | 0.00 | 0.00 |
| 12:31p | INCOMI CL | 360-924-3028 | SDDV | | 5 | 0.00 | 0.00 |
| 12:36p | LOSANG CA | 323-795-5424 | SDDV | | 3 | 0.00 | 0.00 |
| 12:44p | INCOMI CL | 817-944-9840 | SDDV | | 5 | 0.00 | 0.00 |
| 01:13p | INCOMI CL | 609-741-2600 | SDDV | | 10 | 0.00 | 0.00 |
| 01:23p | GLENDA TX | 817-944-9840 | SDDV | | 3 | 0.00 | 0.00 |
| 02:03p | INCOMI CL | 562-444-5291 | SDDV | | 2 | 0.00 | 0.00 |
| 04:44p | LOSANG CA | 323-813-3137 | SDDV | | 1 | 0.00 | 0.00 |
| 05:23p | MERCED CA | 209-489-0977 | SDDV | | 3 | 0.00 | 0.00 |
| 05:37p | MERCED CA | 209-489-0977 | SDDV | | 3 | 0.00 | 0.00 |
| 05:50p | INCOMI CL | 817-944-9840 | SDDV | | 2 | 0.00 | 0.00 |
| 06:54p | MANDEV LA | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 07:32p | INCOMI CL | 985-373-0486 | SDDV | | 20 | 0.00 | 0.00 |
| 07:33p | INCOMI CL | 985-869-6636 | SDDV | | 42 | 0.00 | 0.00 |
| 08:02p | MANDEV LA | 985-373-0486 | SDDV | | 11 | 0.00 | 0.00 |
| 08:20p | INCOMI CL | 985-373-0486 | SDDV | | 12 | 0.00 | 0.00 |
| Wednesday, 07/20 | | | | | | | |
| 11:12a | CHICAG IL | 773-816-5936 | SDDV | | 13 | 0.00 | 0.00 |
| 11:26a | Toll F CL | 855-819-0142 | SDDV | | 1 | 0.00 | 0.00 |
| 01:22p | INCOMI CL | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 01:39p | INCOMI CL | 985-705-0232 | SDDV | | 4 | 0.00 | 0.00 |
| 05:01p | INCOMI CL | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 07:43p | INCOMI CL | 985-705-0232 | SDDV | | 1 | 0.00 | 0.00 |
| 08:18p | MANDEV LA | 985-869-6636 | SDDV | | 9 | 0.00 | 0.00 |
| 08:27p | MANDEV LA | 985-869-6636 | SDDV | | 1 | 0.00 | 0.00 |
| 08:27p | INCOMI CL | 985-869-6636 | SDDV | | 37 | 0.00 | 0.00 |
| Thursday, 07/21 | | | | | | | |
| 06:41a | MANDEV LA | 985-373-0486 | SDDV | | 1 | 0.00 | 0.00 |
| 06:42a | INCOMI CL | 985-373-0486 | SDDV | | 1 | 0.00 | 0.00 |
| 06:42a | MANDEV LA | 985-373-0486 | SDDV | | 1 | 0.00 | 0.00 |
| 09:48a | VAN NU CA | 818-326-7005 | SDDV | | 1 | 0.00 | 0.00 |
| 09:49a | INCOMI CL | 818-326-7005 | SDDV | | 4 | 0.00 | 0.00 |
| 11:17a | INCOMI CL | 985-373-0486 | SDDV | | 26 | 0.00 | 0.00 |
| 11:44a | GLENDA TX | 817-944-9840 | SDDV | | 1 | 0.00 | 0.00 |
| 12:48p | INCOMI CL | 985-259-0637 | SDDV | | 6 | 0.00 | 0.00 |
| 12:53p | LOSANG CA | 213-793-2034 | SDDV | | 2 | 0.00 | 0.00 |
| 12:56p | LOSANG CA | 213-793-2046 | SDDV | | 1 | 0.00 | 0.00 |
| 01:07p | INCOMI CL | 985-869-6636 | SDDV | | 7 | 0.00 | 0.00 |
| 01:14p | INCOMI CL | 562-444-5291 | SDDV | | 3 | 0.00 | 0.00 |
| 01:16p | MANDEV LA | 985-869-6636 | SDDV | | 24 | 0.00 | 0.00 |

© 2012 AT&T Intellectual Property. All rights reserved.

| Call No. | Date | Time | Telephone Number | Amount | Note |
|---|---|---|---|---|---|
| 1 | 7/5/16 | 1:17 PM | (412) 595-0077 | $500 | On Phone Record |
| 2 | 7/11/16 | 11:24 AM | (608) 490-8494 | $1,500 | missed call, called back |
| 3 | 7/13/16 | 2:34 PM | (412) 595-0077 | $1,500 | missed call, called back |
| 4 | 7/13/16 | 10:01 AM | (412) 595-0077 | $1,500 | missed call, called back |
| 5 | 7/14/16 | 9:46 AM | (608) 490-8494 | $1,500 | missed call, called back |
| 6 | 7/15/16 | 10:57 AM | (608) 490-8494 | $1,500 | On Phone Record |
| 7 | 7/18/16 | 2:44 PM | (646) 517-6788 | $1,500 | On Phone Record |
| 8 | 7/19/16 | 7:43 AM | (317) 593-0090 | $1,500 | On Phone Record |
| 9 | 7/19/16 | 12:31 PM | (360) 924-3028 | $1,500 | On Phone Record |
| **TOTAL** | | | | **$12,500** | |

ST. ROMAIN LAW
LONG BEACH, CA
562-444-5291

**PROOF OF SERVICE BY MAIL**

On December 22, 2016, I served the documents described as:

1. **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**
2. **DECLARATION OF SAMUEL J. ST. ROMAIN**
3. **[PROPOSED] ORDER**

on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail at or in Covington, Louisiana, addressed to:

Capital Advance Solutions, LLC
c/o Charles Betta, registered agent
1715 State Route 35, Suite 302
Middletown, NJ 07748

Geoffrey Horn
1715 State Route 35, Suite 302
Middletown, NJ 07748

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 22, 2016 at Covington, Louisiana.

/s/ ***Samuel J. St. Romain***
Samuel J. St. Romain