UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | **CV 16-8235 FMO (KSx)** | **Date** | **January 31, 2017** |
| **Title** | **Samuel J. St. Romain v. Capital Advance Solutions, LLC, et al.** | | |

| | |
|---|---|
| Present: The Honorable | **Fernando M. Olguin, United States District Judge** |

| | |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Re: Default Judgment**

Having reviewed and considered all the briefing filed with respect to pro se plaintiff Samuel J. St. Romain's ("plaintiff" or "St. Romain") Motion for Entry of Default Judgment Against Defendants [] (Dkt. 23 "Motion"), and the oral argument presented to the court on January 26, 2017, the court concludes as follows.[1]

## INTRODUCTION

On November 4, 2016, plaintiff filed a Complaint against defendants Capital Advance Solutions, LLC ("CAS") and Geoffrey Horn ("Horn"), asserting claims for: (1) violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA"); and (2) violations of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA"). (See Dkt. 1, Complaint at ¶¶ 19-32).

Both CAS and Horn (collectively, "defendants") were served on November 10, 2016. (See Dkts. 11 & 12, Proof[s] of Service). As a result of their failure to plead or otherwise appear in response to plaintiff's Complaint, the Clerk entered defaults against CAS on December 6, 2016, (see Dkt. 17, Default by Clerk), and against Horn on December 16, 2016. (See Dkt. 21, Default by Clerk).

On December 22, 2016, plaintiff filed the instant Motion, seeking monetary relief consisting of $12,500 in statutory damages for nine violations of the TCPA, (see Dkt. 23, Motion at 9), $580.07 in costs, (see Dkt. 23, Declaration of Samuel J. St. Romain in Support of Request for Entry of Motion for Default Judgment ("St. Romain Decl.") at ¶ 16), and post-judgment interest pursuant to 28 U.S.C. § 1961(a).[2] (See Dkt. 23, Motion at 2).

[1] The defaulting defendants did not appear at the oral argument.

[2] Plaintiff only seeks entry of default judgment based on his TCPA claim. (See Dkt. 23, Motion at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | **CV 16-8235 FMO (KSx)** | **Date** | **January 31, 2017** |
| **Title** | **Samuel J. St. Romain v. Capital Advance Solutions, LLC, et al.** | | |

## PLAINTIFF'S ALLEGATIONS

Horn is the owner of CAS, a company "engaged in the business of providing loans to small and mid-sized businesses." (Dkt. 1, Complaint at ¶ 3; see id. at ¶ 4; Dkt. 23, Motion at 5). Plaintiff alleges that CAS "promotes financing opportunities to consumers by way of aggressive and unlawful telemarketing campaigns." (Dkt. 1, Complaint at ¶ 8).

Starting in or around July 2016, defendants attempted to contact plaintiff on his cellular phone without his consent despite plaintiff's number being listed on the federal Do Not Call registry. (See Dkt. 1, Complaint at ¶¶ 9-10 & 16). Plaintiff did not have a business relationship with defendants, never provided them with his personal information or telephone number, and never used any goods or services offered by defendants. (See id. at ¶ 17; Dkt. 23, Motion at 5). Plaintiff claims that defendants called his cellular phone from at least four different numbers and used an automated telephone dialing system ("ATDS"). (See Dkt. 1, Complaint at ¶¶ 11-13; Dkt. 23, Motion at 5). Upon answering defendants' calls, plaintiff heard a pre-recorded voice, which did not provide the name of the organization that was calling, and it was difficult for plaintiff to uncover the true identity of the organization that was making the unsolicited phone calls. (See Dkt. 1, Complaint at ¶ 14). Plaintiff claims that when he called back the numbers, there was an option to be placed on a do-not-call list, but that option merely confirmed that his number was "a live number" and thus led to additional calls from defendants. (See id. at ¶ 15).

## LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After the Clerk enters default pursuant to Rule 55(a), the court may enter a default judgment against the party. See Fed. R. Civ. P. 55(b)(2). Upon entry of default, the well-pleaded factual allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). The scope of relief is limited to the specific demand in the complaint. See Fed. R. Civ. P. 54(c).

Even where well-pleaded allegations exist, "[t]he district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion as to whether default judgment should be entered, the court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (the "Eitel factors").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | **CV 16-8235 FMO (KSx)** | **Date** | **January 31, 2017** |
| **Title** | **Samuel J. St. Romain v. Capital Advance Solutions, LLC, et al.** | | |

## DISCUSSION

I. LOCAL RULE 55-1.

In this district, applications for default judgment must include: "(a) [w]hen and against what party the default was entered; (b) [t]he identification of the pleading to which default was entered; (c) [w]hether the defaulting party is an infant or incompetent person[;] (d) [t]hat the Servicemembers Civil Relief Act (50 U.S.C. App. § 521)[3] does not apply; and (e) [t]hat notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2)."[4] Local Rule 55-1.

Here, plaintiff has satisfied the procedural requirements for entry of default judgment. Specifically, plaintiff has established that: (a) the Clerk entered default against CAS, (see Dkt. 17, Default by Clerk), and Horn (see Dkt. 21, Default by Clerk); (b) the defaults are based on defendants' failure to respond, (see Dkts. 17 & 21, Default[s] by Clerk); (c) defendants are neither infants nor incompetent persons, (see Dkt. 23, St. Romain Decl. at ¶ 14); and (d) defendants are not in active military service. (See id.).

II. THE EITEL FACTORS.

Having concluded that default was properly entered, the court will now determine whether to enter default judgment against defendants.

A. The Possibility of Prejudice to Plaintiff.

This factor considers whether plaintiff will suffer prejudice if default judgment is not entered. Here, plaintiff would suffer prejudice if default judgment is not entered because plaintiff "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

[3] Now 50 U.S.C. § 3932.

[4] Pursuant to Rule 55(b)(2), plaintiff was not required to serve defendants with the Motion. In relevant part, Rule 55(b)(2) provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2); see Local Rule 55-1(e) (noting that an application for default judgement must be accompanied by a declaration in compliance with Fed.R.Civ.P. 55(b)(1) and/or include information regarding whether "notice has been served on the defaulting party, if required by F.R.Civ.P 55(b)(2)"). Here, defendants have not made any appearances, either personally or by a representative, such as would require written notice of the Motion pursuant to Rule 55(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | **CV 16-8235 FMO (KSx)** | **Date** | **January 31, 2017** |
| **Title** | **Samuel J. St. Romain v. Capital Advance Solutions, LLC, et al.** | | |

B. Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint.

"Under an Eitel analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010). These two factors require a plaintiff to "state a claim on which the [plaintiff] may recover." Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

Plaintiff asserts that defendants violated § 227(b)(1)(A)(iii) of the TCPA, (see Dkt. 23, Motion at 5; Dkt. 1, Complaint at ¶¶ 19-26), which provides, in relevant part, that it is unlawful "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice – to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii); see Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009) ("The TCPA makes it unlawful to make any call using an ATDS.") (internal quotation marks omitted); Iniguez v. The CBE Group, 969 F.Supp.2d 1241, 1247 (E.D. Cal. 2013) ("In sum, the TCPA clearly prohibits using an automated telephone dialing system, an artificial voice, or a prerecorded voice to make a call to a cellular phone number where prior consent was not obtained except for emergency purposes.").

The TCPA provides a private right of action for "an action based on a violation of this subsection [227(b)] or the regulations prescribed under this subsection to enjoin such violation[,]" 47 U.S.C. § 227(b)(3)(A), "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater," 47 U.S.C. § 227(b)(3)(B), or "both such actions." 47 U.S.C. § 227(b)(3)(C). The required elements of a TCPA claim for violation of § 227(b)(1) are: "(1) the defendant called a cellular telephone number; (2) using an [ATDS]; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012), cert. denied, 133 S.Ct. 2361 (2013) (citing 47 U.S.C. § 227(b)(1)).

With respect to the first element, plaintiff claims that in July 2016, he received nine unsolicited calls on his cellular phone from various numbers belonging to defendants.[5] (See Dkt. 23, St. Romain Decl. at ¶ 8). When plaintiff answered the calls, he "heard a pre-recorded, computerized voice offering to sell [him a] small business loan, and presenting various prompts and/or menu options." (Id. at ¶ 10). Plaintiff had to select various menu options before he was able to speak to an actual person, and get transferred to another person who plaintiff learned was

[5] "[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." Texas v. Am. Blastfax, Inc., 164 F.Supp.2d 892, 898 (W.D. Tex. 2001). Here, plaintiff alleges that Horn, as the owner of CAS, directed the violations committed by CAS. (Dkt. 1, Complaint at ¶ 4; Dkt. 23, Motion at 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | **CV 16-8235 FMO (KSx)** | **Date** | **January 31, 2017** |
| **Title** | **Samuel J. St. Romain v. Capital Advance Solutions, LLC, et al.** | | |

a representative of CAS. (See id.). Plaintiff alleges that upon receiving the first unsolicited phone call, he selected a menu option to be placed on a "Do Not Call List" but this only increased the number of unsolicited phone calls. (See id. at ¶ 11).

As for the ATDS element, "courts have recognized the difficulty a plaintiff faces in knowing the type of calling system the defendant used without the benefit of discovery." Drew v. Lexington Consumer Advocacy LLC, 2016 WL 1559717, *5 (N.D. Cal. 2016). Therefore a plaintiff may "rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized." Robbins v. Coca-Cola-Company, 2013 WL 2252646, *3 (S.D. Cal. 2013). In this case, given plaintiff's allegations that he repeatedly received pre-recorded and computerized recordings attempting to sell him loans, as well as his assertion that the pre-recorded voice offered various menu options, (see Dkt. 23, St. Romain Decl. at ¶ 10), the court finds that plaintiff has established that defendants used an ATDS system. See Drew, 2016 WL 1559717, at *5 (concluding that it could be inferred that a defendant used an ATDS to send text messages because "the messages [were] impersonal advertisements" that did not address the plaintiff personally and because the plaintiff declared that he had never heard of the defendant, had not consented to receive text messages, and had never provided his number to the defendant).

With respect to the consent factor, plaintiff has sufficiently shown that he did not give his prior express consent. Plaintiff declares that he never provided his phone number to CAS, had no prior business with CAS, and never had any contact with CAS. (See Dkt. 23, St. Romain Decl. at ¶ 12); see also Whitaker v. Bennett Law, PLLC, 2015 WL 12434306, *3 (S.D. Cal. 2015) (concluding that plaintiff had sufficiently alleged violations of the TCPA based on plaintiff's claim that defendant called her phone without her prior consent).

In short, accepting all the factual allegations as true, the court finds that the operative Complaint sufficiently states a claim for violation of § 227(b)(1)(A)(iii) of the TCPA. See Righetti v. Authority Tax Servs., LLC, 2015 WL 4089799, *3 (N.D. Cal. 2015) (finding this factor to weigh in favor of default judgment in a TCPA case where the complaint contained "detailed" factual allegations, "the precise date [plaintiff] received these calls[,]" and the plaintiff stated that she received a call from an ATDS system).

C. The Amount of Money at Stake.

Under the fourth Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc. v. California Sec. Cans, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." Truong Giang Corp. v. Twinstar Tea Corp., 2007 WL 1545173, * 12 (N.D. Cal. 2007).

A plaintiff seeking default judgment is "required to prove all damages sought in the complaint." Philip Morris USA, Inc. v. Castworld Prods, Inc., 219 F.R.D. 494, 498 (C.D. Cal.

2003). However, where, as here, a plaintiff chooses to recover statutory damages, actual damages need not be proven. See Columbia Pictures Tel., Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001), cert. denied, 534 U.S. 1127 (2002) ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits.") (internal quotation marks omitted). "If statutory damages are elected, [t]he court has wide discretion in determining the amount of statutory damages to be awarded[.]" Id. (citation omitted).

Plaintiff claims that defendants called his cellular phone a total of nine times. (See Dkt. 23, St. Romain Decl. at ¶ 8). However, he admits that four of these calls were missed phone calls that are not reflected on his phone records. (See id. at ¶ 9); (id. at Exh. A (AT&T call records for July 2016, showing only five calls during the relevant period)). Plaintiff offers no explanation as to why those four phone calls do not appear in the phone records. (See, generally, Dkt. 23, Motion). Under the circumstances, the court finds that the record supports the existence of only five unsolicited phone calls in violation of the TCPA. See, e.g., Coniglio v. Bank of Am., NA, 638 Fed.App'x. 972, 975 (11th Cir. 2016) (a defendant successfully negated plaintiff's TCPA claim based on affidavit and call records showing "that no calls were made to the [plaintiffs'] cell phones during the relevant time period").

For a violation of TCPA involving the use of an ATDS, an "aggrieved person" may seek $500 in statutory damages and "[i]f a violation is willful or knowing, a court may treble the award." Chen v. Allstate Ins. Co., 819 F.3d 1136, 1139 (9th Cir. 2016) (citing 47 U.S.C. § 227(b)(3)). Here, plaintiff requests statutory damages of $500 for the first unsolicited phone call and $1,500 in treble damages for each of the eight other phone calls. (See Dkt. 23, Motion at 9). However, as noted above, plaintiff has shown the existence of only five unsolicited phone calls. As such, plaintiff is entitled to $500 per violation for a total of $2,500 in statutory damages.

Plaintiff also requests an award of treble damages. (See Dkt. 23, Motion at 9). However, treble damages are not warranted here because the court is persuaded that the statutory damage award is sufficient to accomplish the purposes of the TCPA. See, e.g., Heidorn v. BDD Mktg. & Mgmt. Co., LLC, 2013 WL 6571168, *3 (N.D. Cal. 2013) (declining to award treble damages because the statutory damage award was already "sufficient to accomplish the purposes of the TCPA"); J2 Commc'ns, Inc. v. Blue Jay Inc., 2009 WL 4572726, *8 (N.D. Cal. 2009) ("under the TCPA a court still has discretion as to whether a treble damages award should be issued even where there is willful or knowing conduct"). Plaintiff alleges that Horn "willfully and knowingly participated in and/or caused" the unsolicited calls. (See Dkt. 23, St. Romain Decl. ¶ 13). However, bare assertions that a defendant "'willfully' and 'knowingly' violated" the TCPA is a legal conclusion that is insufficient to establish plaintiff's entitlement to treble damages. See Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1107 (11th Cir. 2015). In short, the court finds that plaintiff is entitled to statutory damage in the amount of $2,500. See Righetti, 2015 WL 4089799, at *3 (finding an amount of $500 in statutory damages and $4,290.70 in costs to be "particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute"); Drew, 2016 WL 1559717, *13 ("[Plaintiff] provides no evidence that

[defendant] has previously been sued for violating the TCPA or that $3,500 will be considered trivial and thus not deter future misconduct.”).

D. The Possibility of a Dispute Concerning Material Facts.

Upon entry of default, the well-pled allegations in the complaint are taken as true, except those relating to damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). In addition, “[t]he district court is not required to make detailed findings of fact.” Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Since defendants never answered or otherwise appeared in this action, it is unclear whether there would be any genuine dispute over material facts.

E. Whether the Default Was Due to Excusable Neglect.

Excusable neglect is an equitable concept that takes account of factors such as "prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147, 121 S.Ct. 1322, 1327-28 (2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P’ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993)). Here, there is no evidence that defendants failed to defend this action due to excusable neglect. This factor weighs in favor of default judgment.

F. The Strong Policy Favoring Decisions on the Merits.

“Cases should be decided upon their merits whenever reasonably possible.” Eitel, 782 F.2d at 1472. However, “this preference, standing alone, is not dispositive.” Kloepping v. Fireman’s Fund, 1996 WL 75314, *3 (N.D. Cal. 1996). The defendants’ failure to answer plaintiff’s Complaint makes a decision on the merits impractical, if not impossible. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Under Rule 55(b), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action. The court, therefore, finds that entry of default judgment is appropriate in this action as set forth above.

G. Summary of Eitel Factors.

On balance, the Eitel factors weigh in favor of granting default judgment with respect to plaintiff’s TCPA claim. The court addresses plaintiff’s requested remedies below.

III. REMEDIES.

As discussed above, plaintiff has adequately stated a claim under the TCPA for five violations involving the use of an ATDS. (See supra at § II.B.). The court will award plaintiff $500

for each violation for a total of $2,500 in statutory damages. (See supra at § II.C.). The court additionally finds plaintiff's request for $580.07 in costs consisting of: (1) $400 for the initial filing fee; (2) $150 for service of process; and (3) $30.07 for postage costs to be reasonable.[6] (See Dkt. 23, St. Romain Decl. at ¶ 16).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion for Default Judgment **(Document No. 23)** is **granted in part** and **denied in part**. Judgment shall be entered in favor of plaintiff Samuel J. St. Romain, and against defendants Capital Advance Solutions, LLC and Geoffrey Horn, jointly and severally, in the amount of $2,500 in statutory damages, $580.07 in costs, and post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Plaintiff's remaining state claim is **dismissed without prejudice**.

3. Judgment shall be entered accordingly.

4. Plaintiff shall serve with a copy of this Order and the Judgment filed contemporaneously herewith in such a manner as to make them operative in any future proceedings.

Initials of Preparer vdr

[6] Plaintiffs also seek post-judgment interest pursuant to 28 U.S.C. § 1961. (See Dkt. 21, Motion at 12; 28 U.S.C. § 1961 ("interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [ ] the date of the judgment."). The court will accordingly grant the applicable post-judgment interest rate. See Board of Governors of the Federal Reserve System, Select Interest Rates (Weekly) - H.15 (available at http://www.federalreserve.gov/releases/h15/current/).